UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JESSICA WROBLEWSKI
N8280 Hillburn Mill Road
East Troy, Wisconsin 53120

    Plaintiff,

v.

MIDWEST MEDICAL TRANSPORT
COMPANY, LLC
4020 South 147th Street
Omaha, Nebraska 68147

    Defendant

Case No. 23-cv-877

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and pursuant to Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), by Plaintiff, Jessica Wroblewski, against Defendant, Midwest Medical Transport Company, LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant is headquartered in Omaha, Nebraska, and is an Emergency Medical Service (EMS) company.

3. Defendant failed to compensate Plaintiff for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by misclassifying her as salaried-exempt when, in reality, he primarily performed non-exempt job duties each workweek and was entitled overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

4. Defendant's failure to compensate Plaintiff for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8. Plaintiff, Jessica Wroblewski, is an adult male resident of the State of Wisconsin residing at N8280 Hillburn Mill Road, East Troy, Wisconsin 53120.

9. Defendant, Midwest Medical Transport Company, LLC, is an entity doing business in the State of Wisconsin with a principal office address of 4020 South 147th Street, Omaha, Nebraska 68147.

10. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

11. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

12. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

13. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

14. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

15. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work in the position of Emergency Medical Technician (EMT) on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge in the State of Wisconsin.

16. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities.

17. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff.

18. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance.

19. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule.

20. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's rates of pay and/or means of compensation.

21. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff with work assignments and hours of work.

22. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work were, at times, tracked and recorded by Defendant.

23. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

24. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment.

## GENERAL ALLEGATIONS

25. In approximately December 2020, Defendant hired Plaintiff into the position of Emergency Medical Technician (EMT) working in the State of Wisconsin.

26. During Plaintiff's employment with Defendant and in Plaintiff's position of EMT until approximately September 2021, Defendant compensated Plaintiff on an hourly basis for any and all hours worked and work performed each workweek on its behalf, for its benefit, at its direction, and/or with its knowledge.

27. During the entirety of Plaintiff's employment with Defendant in the position of EMT, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

28. During Plaintiff's employment with Defendant and in Plaintiff's position of EMT from approximately September 2021 to March 2023, Defendant compensated Plaintiff on a salaried basis and now classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL, despite the vast majority of Plaintiff's job duties and responsibilities remaining the same as they were in her position of EMT prior to September 2021.

29. In approximately March 2023, Plaintiff's employment with Defendant ended.

30. During the entirety of Plaintiff's employment with Defendant in the position of EMT, Plaintiff primarily performed manual labor and/or non-exempt job duties and responsibilities each workweek on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

31. During the entirety of Plaintiff's employment with Defendant in the position of EMT, Plaintiff spent the vast majority of her actual hours worked and work performed each workweek performing physical or manual labor and/or non-exempt job duties and responsibilities, such as: physically driving and/or riding in an ambulance responding to emergency medical calls;

physically lifting and assisting patients; physically delivering supplies and materials on behalf of Defendant; physically cleaning ambulances; physically stocking ambulances with supplies and materials; and physically performing repairs or maintenance work at Defendant.

32. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff often worked in excess of forty (40) hours per workweek.

33. During Plaintiff's employment with Defendant in the position of EMT, Defendant knew or had knowledge that Plaintiff worked often worked in excess of forty (40) hours per workweek.

34. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff was a non-union employee of Defendant.

35. During Plaintiff's employment with Defendant in the position of EMT, Defendant compensated Plaintiff on a bi-weekly basis via check.

36. During Plaintiff's employment with Defendant in the position of EMT, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

37. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff's primary job duty each workweek was not the management of Defendant's enterprise, general business operation, or a department or division of Defendant.

38. During Plaintiff's employment with Defendant in the position of Store Manager, Plaintiff performed his job duties and responsibilities at the direction of Defendant: she was given specific instructions as to how to perform her job duties and/or she performed her job duties within the prescribed procedures, processes, and/or limits established by Defendant.

39. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of her job duties.

40. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff did not, in the performance of her job duties, customarily or regularly compare or evaluate possible courses of conduct, and she did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

41. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff did not, in the performance of her job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies, processes, and/or procedures without Defendant's prior approval.

42. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff's job duties did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

43. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff's job duties did not require her to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

44. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff was not a highly compensated employee for FLSA and WWPCL purposes.

45. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant's policies in practice failed to

compensate Plaintiff at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

46. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant did not properly and lawfully compensate Plaintiff at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

47. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Plaintiff's paychecks did not properly or lawfully compensate her at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

48. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek at the proper, lawful, and/or correct overtime rate of pay in accordance with the FLSA and WWPCL.

49. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

50. Defendant owes Plaintiff earned and unpaid overtime wages for work performed during Plaintiff's employment with it for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

# FIRST CLAIM FOR RELIEF
## Violations of the FLSA – Unpaid Overtime Wages

51. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

52. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

53. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq*.

54. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

55. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

56. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

57. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

58. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

59. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

60. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Overtime Wages**

61. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

62. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

63. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

64. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

65. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

66. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Plaintiff primarily performed non-exempt job duties in each workweek he was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

67. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Plaintiff often worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL.

68. During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

69. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

70. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly compensated as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 3rd day of July, 2023

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        s/ ***Scott S. Luzi***
        James A. Walcheske, State Bar No. 1065635
        Scott S. Luzi, State Bar No. 1067405
        David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com