UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JESSICA WROBLEWSKI,

    Plaintiff,

v.                                           Case No. 23-cv-877

MIDWEST MEDICAL TRANSPORT
COMPANY, LLC,

    Defendant.

---

**ANSWER AND AFFIRMATIVE DEFENSES**

---

NOW COMES the defendant, Midwest Medical Transport Company, LLC ("Defendant"), by and through its attorneys, Amundsen Davis, LLC, and as and for its Answer and Affirmative Defenses to the Complaint of the plaintiff, Jessica Wroblewski ("Plaintiff"), admits, denies and alleges as follows:

**ANSWER**

**Answer to "Preliminary Statement"**

1. This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.,* Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.,* and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") by Plaintiff, Jessica Wroblewski, against Defendant, Midwest Medical Transport Company, LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated

1

damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER:** **Defendant admits that the plaintiff purports to bring FLSA and WPPCL claims and causes of action for purposes of obtaining relief under the FLSA and the WPPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Defendant denies all other allegations set forth in, or implied by, this paragraph.**

2. Defendant is headquartered in Omaha, Nebraska, and is an Emergency Medical Service (EMS) company.

**ANSWER:** **Defendant admits.**

3. Defendant failed to compensate Plaintiff for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by misclassifying her as salaried-exempt when, in reality, she primarily performed non-exempt job duties each workweek and was entitled overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

**ANSWER:** **Defendant denies.**

4. Defendant's failure to compensate Plaintiff for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**ANSWER:** **Defendant denies.**

### Answer to "Jurisdiction and Venue"

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

**ANSWER:** The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extend the allegations are deemed factual, Defendant admits.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis, Stat. § 109.01 *et seq.,* Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.,* and Wis. Admin. Code § DWD 272.001 *et seq.,* because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extend the allegations are deemed factual, Defendant is without knowledge or information sufficient to forma belief as to the truth of whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1361 over the plaintiff's state law claims and therefore denies same. Defendant denies any and all other allegations set forth in, or implied by, this paragraph.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**ANSWER:** The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extent the allegations are deemed factual, Defendant admits.

### Answer to "Parties"

8. Plaintiff, Jessica Wroblewski, is an adult female resident of the State of Wisconsin residing at N8280 Hillburn Mill Road, East Troy, Wisconsin 53120.

**ANSWER: Defendant admits, upon representation of counsel.**

9. Defendant, Midwest Medical Transport Company, LLC, is an entity doing business in the State of Wisconsin with a principal office address of 4020 South 147th Street, Omaha, Nebraska 68147.

**ANSWER: Defendant admits.**

10. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER: The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extent the allegations are deemed factual, Defendant admits.**

11. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.,* 104.01 *et seq.,* and Wis. Admin. Code § DWD 272.01.

**ANSWER: The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extend the allegations are deemed factual, Defendant admits.**

12. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

**ANSWER: Defendant admits.**

13. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

**ANSWER: Defendant admits.**

14. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

**ANSWER:** **Defendant admits that at times during the three-year period immediately preceding the filing of the complaint in this matter, it was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA. Defendant denies any and all other allegations set forth in, or implied by, this paragraph.**

15. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff performed compensable work in the position of Emergency Medical Technician (EMT) on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge in the State of Wisconsin.

**ANSWER:** **Defendant admits.**

16. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities.

**ANSWER:** **Defendant admits.**

17. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff.

**ANSWER:** **Defendant admits.**

18. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance.

**ANSWER:** **Defendant admits.**

19. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's work schedule.

**ANSWER:** **Defendant admits.**

20. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's rates of pay and/or means of compensation.

**ANSWER:** **Defendant admits.**

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant provided Plaintiff with work assignments and hours or work.

**ANSWER:** **Defendant admits.**

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No, 1), Plaintiff's hours of work were, at times, tracked and recorded by Defendant.

**ANSWER:** **Defendant admits.**

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

**ANSWER:** **Defendant admits.**

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No, 1), Defendant controlled the terms and conditions of Plaintiff's employment.

**ANSWER:** **Defendant admits.**

### Answer to "General Allegations"

25. In approximately March 2022, Plaintiff hired Plaintiff into the position of Emergency Medical Technician (EMT) working in the State of Wisconsin.

**ANSWER:** **Defendant admits.**

26. During Plaintiff's employment with Defendant and in Plaintiff's position of EMT until approximately September 2021, Defendant compensated Plaintiff on an hourly basis for

any and all hours worked and work performed each workweek on its behalf, for its benefit, at its direction, and/or with its knowledge.

**ANSWER:** **Defendant admits.**

27. During the entirety of Plaintiff's employment with Defendant in the position of EMT, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

**ANSWER:** **Defendant denies.**

28. During Plaintiff's employment with Defendant and in Plaintiff's position of EMT from approximately September 2021 to March 2023, Defendant compensated Plaintiff on a salaried basis and now classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL, despite the vast majority of Plaintiff's job duties and responsibilities remaining the same as they were in her position of EMT prior to September 2021.

**ANSWER:** **Defendant admits that from approximately September 2021 to March 2023, it compensated Plaintiff on a salaried basis and classified Plaintiff as exempt from the minimum wage and overtime requirements of the FLSA and WWPCL. Defendant denies any and all remaining allegations set forth in, or implied by, said paragraph.**

29. In approximately March 2023, Plaintiff's employment with Defendant ended.

**ANSWER:** **Defendant admits.**

30. During the entirety of Plaintiff's employment with Defendant in the position of EMT, Plaintiff primarily performed manual labor and/or non-exempt job duties and responsibilities each workweek on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

**ANSWER:** **Defendant denies.**

7

31. During the entirety of Plaintiff's employment with Defendant in the position of EMT, Plaintiff spent the vast majority of her actual hours worked and work performed each workweek performing physical or manual labor and/or non-exempt job duties and responsibilities, such as: physically driving and/or riding in an ambulance responding to emergency medical calls; physical lifting and assisting patients, physically delivering supplies and materials on behalf of Defendant, physically cleaning ambulances; physically stocking ambulances with supplies and materials; and physically performing repairs or maintenance work at Defendant.

  **ANSWER:** **Defendant denies.**

32. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff often worked in excess of forty (40) hours per workweek.

  **ANSWER:** **Defendant denies.**

33. During Plaintiff's employment with Defendant in the position of EMT, Defendant knew or had knowledge that Plaintiff often worked in excess of forty (40) hours per workweek.

  **ANSWER:** **Defendant denies.**

34. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff was a non-union employee of Defendant.

  **ANSWER:** **Defendant admits.**

35. During Plaintiff's employment with Defendant in the position of EMT, Defendant compensated Plaintiff on a bi-weekly basis via check.

  **ANSWER:** **Defendant admits.**

36. During Plaintiff's employment with Defendant in the position of EMT, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

**ANSWER:** **Defendant admits.**

37. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff's primary job duty each workweek was not the management of Defendant's enterprise, general business operation, or a department or division of Defendant.

**ANSWER:** **Defendant admits pertaining to Plaintiff's employment prior to approximately September 2021. Defendant denies pertaining to Plaintiff's employment thereafter.**

38. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff performed her job duties and responsibilities at the direction of Defendant: she was given specific instructions as to how to perform her job duties and/or she performed her job duties within the prescribed procedures, processes, and/or limits established by Defendant.

**ANSWER:** **Defendant admits pertaining to Plaintiff's employment prior to approximately September 2021. Defendant denies pertaining to Plaintiff's employment thereafter.**

39. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of her job duties.

**ANSWER:** **Defendant admits pertaining to Plaintiff's employment prior to approximately September 2021. Defendant denies pertaining to Plaintiff's employment thereafter.**

40. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff did not, in the performance of her job duties, customarily or regularly compare or evaluate

possible courses of conduct, and she did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

**ANSWER:** **Defendant admits pertaining to Plaintiff's employment prior to approximately September 2021. Defendant denies pertaining to Plaintiff's employment thereafter.**

41. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff did not, in the performance of her job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies, processes, and/or procedures without Defendant's prior approval.

**ANSWER:** **Defendant admits pertaining to Plaintiff's employment prior to approximately September 2021. Defendant denies pertaining to Plaintiff's employment thereafter.**

42. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff's job duties did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

**ANSWER:** **Defendant denies.**

43. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff's job duties did not require her to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

**ANSWER:** **Defendant admits.**

44. During Plaintiff's employment with Defendant in the position of EMT, Plaintiff was not a highly compensated employee for FLSA and WWPCL purposes.

**ANSWER:** **Defendant admits.**

45. During Plaitniff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant's policies in practice failed to compensate Plaintiff at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER:** **Defendant denies.**

46. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant did not properly and lawfully compensate Plaintiff at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER:** **Defendant denies.**

47. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Plaintiff's paychecks did not properly or lawfully compensate her at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER:** **Defendant denies.**

48. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek at the proper, lawful, and/or correct overtime rate of pay in accordance with the FLSA and WWPCL.

**ANSWER:** **Defendant denies.**

49. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or which it should have been aware.

**ANSWER:  The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.  To the extent the allegations are deemed to be factual, Defendant denies.**

50. Defendant owed Plaintiff earned and unpaid overtime wages for work performed during Plaintiff's employment with it for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

**ANSWER:  Defendant denies.**

### Answer to First Claim for Relief
### "Violations of the FLSA – Unpaid Overtime Wages"

51. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:  Defendant realleges and incorporates all preceding paragraphs of this Answer as if fully set forth herein.**

52. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

**ANSWER:  The allegations set forth in this paragraph are legal conclusions to which no answer is required.  To the extent the allegations are deemed to be factual, Defendant admits.**

12

53. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq*.

**ANSWER:** **The allegations set forth in this paragraph constitute legal conclusions to which no response is required. To the extent the allegations are deemed factual, Defendant admits.**

54. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

**ANSWER:** **The allegations set forth in this paragraph constitute legal conclusions to which no response is required. To the extent the allegations are deemed factual, Defendant admits.**

55. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

**ANSWER:** **Defendant denies.**

56. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

**ANSWER:** **Defendant denies.**

57. Defendant's failure to properly compensate Plaintiff for all compensable work performed was was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as

13

Case 2:23-cv-00877-PP    Filed 09/06/23    Page 13 of 20    Document 7

a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:** **Defendant denies.**

58. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

**ANSWER:** **Defendant denies.**

59. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

**ANSWER:** **Defendant denies.**

60. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**ANSWER:** **The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent the allegations are deemed factual, Defendant admits that successful plaintiffs in FLSA matters are entitled to reimbursement of certain amounts but denies that Plaintiff is entitled to such reimbursement in this matter.**

### Answer to Second Claim for Relief
### "Violations of the WWPCL – Unpaid Overtime Wages"

61. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER: Defendant realleges and incorporates all preceding paragraphs of this Answer as if fully set forth herein.**

62. At all relevant times, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and Wis. Stat. § 104.01(2)(a).

**ANSWER: The allegations set forth in this paragraph constitute legal conclusions to which no response is required. To the extent the allegations are deemed factual, Defendant admits.**

63. At all relevant times, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. § 103.001(6), Wis. Stat. § 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**ANSWER: The allegations set forth in this paragraph constitute legal conclusions to which no response is required. To the extent the allegations are deemed factual, Defendant admits.**

64. At all relevant times, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER: The allegations set forth in this paragraph constitute legal conclusions to which no response is required. To the extent the allegations are deemed factual, Defendant admits.**

65. At all times material hereto, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

**ANSWER:** **Defendant denies.**

66. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Plaintiff primarily performed non-exempt job duties in each workweek she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

**ANSWER:** **Defendant denies.**

67. During Plaintiff's employment with Defendant in the position of EMT from approximately September 2021 to March 2023, Plaintiff often worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL.

**ANSWER:** **Defendant denies.**

68. During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

**ANSWER:** **Defendant denies.**

69. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and

equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** **Defendant denies.**

70. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:** **Defendant admits that the plaintiff is seeking recovery of attorneys' fees and the costs of this action but denies any liability or responsibility for same.**

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses to the plaintiff's Complaint, Defendant states as follows:

71. The plaintiff has, in one or more respects, failed to state a claim upon which relief can be granted.

72. The complaint, and each claim contained therein, fails, in whole or in part, because the plaintiff was, at all times, properly and timely paid all compensation due to her, as required by law.

73. The complaint, and each claim contained therein, fails, in whole or in part, because Defendant has/had a reasonable, honest, good-faith belief that all acts and omissions, if any, affecting the plaintiff were made by Defendant solely for legitimate, business-related reasons that were neither arbitrary, capricious nor unlawful and were reasonably based on the facts as Defendant understood them.

74. The plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

75. The complaint, and each cause of action alleged therein, fails, in whole or in part, because the amount of unpaid overtime compensation owed to the plaintiff, if any, is or was *de minimis*.

76. The complaint, and each cause of action alleged therein, fails, in whole or in part, because the amount of overtime worked by the plaintiff is or was *de minimis*.

75. The complaint, and each cause of action alleged therein, fails, in whole or in part, to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207.

76. The complaint, and each cause of action alleged therein, fails, in whole or in part, because the plaintiff failed to raise these claims in a timely fashion.

77. The claims alleged by the plaintiff are barred, in whole or in part, by the applicable statutes of limitation under state and federal law.

78. The complaint, and each cause of action alleged therein, fails to state a claim for penalties for alleged wage violations under with Wisconsin law or the Fair Labor Standards Act because there is a good faith dispute as to Defendant's obligation to pay any wages which may be found to be due, if any.

79. The complaint, and each cause of action alleged therein, fails to state a claim for penalties for alleged wage violations under Wisconsin law or the Fair Labor standards Act because Defendant did not act willfully or with knowledge or reckless disregard as to whether its conduct violated state and/or federal wage and hour laws.

80. The complaint, and each cause of action alleged therein, fails, in whole or in part, because Defendant compensated the plaintiff for all overtime work in compliance with its obligations under Wisconsin law and the Fair Labor Standards Act.

81. The complaint, and each cause of action alleged therein, fails, in whole or in part, because the plaintiff failed to substantially comply with the directions of Defendant via her failure to comply with expectations and policies regarding overtime work.

82. The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent that the plaintiff is seeking recovery of damages for alleged injuries she could reasonably have avoided.

83. The plaintiff, with the exercise of reasonable diligence, could have mitigated the alleged monetary damages to themselves. The plaintiff failed to exercise such reasonable diligence and has not mitigated such alleged monetary damages. By reason thereof, she is barred, in whole or in part, from recovering any damages from Defendant.

84. The causes of action alleged by the plaintiff are barred, in whole or in part, by the doctrine of unclean hands.

85. The plaintiff is precluded from recovering penalties, in whole or in part, under the applicable statutory provisions as, based upon the facts and circumstances of this case, any imposition of penalties would result in an award that is unjust, arbitrary, oppressive and/or confiscatory.

86. Any obligation or duty, contractual or otherwise, that the plaintiff is owed has been fully performed, satisfied and/or discharged.

87. With respect to some or all claims brought by the plaintiff, Defendant affirmatively pleads that any acts or omissions that may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing that Defendant was in full compliance with the FLSA. As such, the statute of limitations for any FLSA claims in this matter can be no longer than two (2) years.

88. The plaintiff may not recover liquidated damages under the FLSA because: (a) Defendant (including its officers, managers and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (b) Defendant (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to the plaintiff; and (c) the plaintiff has failed to plead facts sufficient to support recovery of such damages.

89. Defendant alleges and incorporates herein by reference the defenses set forth in Fed. R. Civ. P. 12, Wis. Stat. § 802.02(3) and Wis. Stat. § 802.06(2), as if fully set forth herein, so as to avoid waiver of such defenses pending discovery.

**WHEREFORE**, the defendant, Midwest Medical Transport Company, LLC, respectfully requests:

1. An order dismissing the plaintiff's Complaint, on the merits and with prejudice;

2. Its costs and suit and reasonable attorneys' fees; and

3. Such other and further relief as the Court deems just and equitable.

DEFENDANT DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION.

Dated September 6, 2023. **AMUNDSEN DAVIS, LLC**

By: s/*Anthony J. Steffek*_____
Anthony J. Steffek
State Bar No. 1053615
*Attorneys for Defendant*

Contact Info:

318 S. Washington Street, Suite 300
Green Bay, WI 54301
920.435.9378

Direct Contact Information:
Anthony J. Steffek    920.431.2237 direct dial
                     920.431.2277 direct fax
                     asteffek@amundsendavislaw.com